## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| Kimberly Ann Angus,       ) | |
|                   ) | |
|     Plaintiff,       ) | Civil Action File No.:  4:16-cv-309-HLM-WEJ |
|                   ) | |
| v.                 ) | |
|                   ) | |
| Experian Information Solutions,   ) | |
| Inc.; Comenity Bank; and     ) | **COMPLAINT** |
| Syndicated Office Systems, LLC,   ) | **WITH JURY TRIAL DEMAND** |
| a/k/a and d/b/a Central Financial   ) | |
| Control,                ) | |
|                   ) | |
|     Defendants.      ) | |
| _____ ) | |

## PRELIMINARY STATEMENT

This action for damages is based on Defendants' false reporting on Plaintiff's credit file and/or consumer reports, failures to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, and failures to conduct reasonable reinvestigations with respect to such information.

## PARTIES

1.     Plaintiff, Kimberly Ann Angus, is a natural person who resides in Bartow County, Georgia.

1

2.     Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3.     Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a corporation formed under the laws of the State of Ohio, headquartered in the State of California, and registered to do business in the State of Georgia. Experian may be served with process via its registered agent, C T Corporation System, at 1201 Peachtree Street NE, Suite 1240, Atlanta, Georgia 30361.

5.     Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. Accordingly, Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6.     Defendant, Comenity Bank (hereinafter "Comenity") is a private bank formed under the laws of the State of Delaware. Comenity may be served with process via its registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, Delaware 19801.

2

7.     Comenity regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions, such as Plaintiff's transactions at issue in this lawsuit and described herein, and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

8.     Defendant, Syndicated Office Systems, LLC, a/k/a and d/b/a Central Financial Control (hereinafter "SOS") is a limited liability corporation formed under the laws of the State of Texas and registered to do business in the State of Georgia. SOS may be served with process via its registered agent, C T Corporation System, at 1201 Peachtree Street NE, Suite 1240, Atlanta, Georgia 30361.

9.     SOS regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions, such as Plaintiff's transactions at issue in this lawsuit and described herein, and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

10.    SOS uses interstate commerce and/or mail in its business. The principal purpose of SOS's business is the collection of consumer debts. SOS also regularly collects, or attempts to collect, directly, or indirectly, debts owed or due, or asserted to

be owed or due, to a third party. SOS is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

11.    This Court has federal question jurisdiction over Plaintiff's Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. This Court's jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., claims likewise arises under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12.    This Court has personal jurisdiction over Defendants pursuant to O.C.G.A. § 9-10-91(1) because, *inter alia*, Defendants frequently and routinely conduct business in the State of Georgia, including the conduct complained of herein.

13.    Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because one or more defendants maintain agents for service of process within the Division.

**Factual Allegations Derived From Plaintiff's Bankruptcy Case**

14.    On December 31, 2013, Plaintiff filed a Chapter 13 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Georgia, Rome Division, Case Number 13-43632 (the "Bankruptcy Case").

15.    In Schedule F of her Bankruptcy Petition, Plaintiff listed Comenity as having two unsecured claims (the "Comenity Debts").

16.    Additionally, in Schedule F of her Bankruptcy Petition, Plaintiff listed SOS as having four unsecured claims (the "SOS Debts").

17.    The SOS Debts are primarily for personal, family, or household purposes and are therefore "debts" as that term is defined by 15 U.S.C. § 1692a(5).

18.    On August 14, 2015, Plaintiff's Bankruptcy Case was converted from a Chapter 13 to a Chapter 7. Comenity and SOS were served with the notice of conversion on August 16, 2015, by the Bankruptcy Noticing Center

19.    On November 18, 2015, the Bankruptcy Court entered an Order Discharging Debtor in Plaintiff's Bankruptcy Case as to all dischargeable debts, and the Bankruptcy Case was closed.

**Factual Allegations Pertinent to All Defendants**

5

20.    The reporting of consumer credit information, by credit reporting agencies (CRAs) and furnishers, is the foundation of credit scoring and impacts the financial lives of consumers in innumerable ways including the availability and cost of credit, leasing opportunities, insurance availability and cost, utility service, and even employment.

21.    The Consumer Data Industry Association ("CDIA") is an international trade association representing over 140 members involved in credit reporting, mortgage reporting, check verification, tenant and employment screening, collection services and fraud verification services. It is active in federal and state legislative affairs, public relations, education and industry standards.

22.    In cooperation with the major CRAs, CDIA publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA. CDIA's  reporting  products are used in more than nine billion transactions each year.

See, *http://www.cdiaonline.org/about/index.cfm?unItemNumber=515*

23.    The Metro 2 standards provide uniformity in the reporting and interpretation of credit data including credit scoring.

24.    The leading credit scoring system, commonly referred to as FICO, utilizes data reported by credit reporting agencies and furnishers ostensibly in compliance with Metro 2 standards.

25.    Defendants have actual knowledge that entities that perform credit scoring and other functions utilizing the data reported by Defendants assume compliance with Metro 2 standards.

26.    At all times relevant hereto, Experian had adopted and implemented the Metro 2 format for their reporting of consumer data and as an integral aspect of its duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

27.    At all times relevant hereto, Comenity had adopted and implemented the Metro 2 format for their reporting of consumer data and as an integral aspect of its duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

28.    At all times relevant hereto, SOS had adopted and implemented the Metro 2 format for their reporting of consumer data and as an integral aspect of its

duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

29.    Experian, in conjunction with the other major credit reporting agencies, developed a browser-based software system that allows credit reporting agencies to electronically notify furnishers of disputed credit reporting and for furnishers to respond to such disputes following investigation. The system is commonly referred to as e-OSCAR and was designed to be Metro2 compliant. See, *http://www.e-oscar.org/*

30.    The failure on the part of a CRA and or a furnisher to adhere to the accepted Metro 2 standards increases the probability of a reported item being false or materially misleading and adversely affecting the consumer.

### **Factual Allegations Derived From Plaintiff's Experian Report**

31.    On or about January 29, 2016, Plaintiff obtained a copy of her consumer report as published by Experian.

32.    That report contained erroneous information as provided by Comenity, and as published and reported by Experian.

8

33.     Specifically, the report shows the Comenity Debt as "charged off," with a write-off amount of $139.00.

34.     The relevant portion of the Comenity tradeline appeared in the January 29, 2016, Experian report as follows:

**COMENITY BANK/LNBRYANT**

**Address:**
PO BOX 182789
COLUMBUS, OH 43218
*No phone number available*
**Address Identification Number:**
0480681409

**Account Number:**
697800500287....

**Status:** Account charged off. $139 written off.

**Status Details:**  This account is scheduled to continue on record until Mar 2017.

| **Date Opened:** 06/2008 | **Type:** Charge Card | **Credit Limit/Original Amount:** NA |
| **Reported Since:** 01/2009 | **Terms:** NA | **High Balance:** $139 |
| **Date of Status:** 01/2014 | **Monthly Payment:** $0 | **Recent Balance:** $139 as of 07/2015 |
| **Last Reported:** 07/2015 | **Responsibility:** Individual | **Recent Payment:** $0 |

**Comment:**  Account closed at credit grantor's request.

(Remaining portion of tradeline omitted.)

35.     Because the Comenity Debt was discharged in Plaintiff's Bankruptcy Case, the information described above was both false and misleading.

36.     The January 29, 2016, Experian report also contained erroneous information as provided by SOS, and as published and reported by Experian.

37.    Specifically, the report shows the SOS Debts as in active collection, with balances of $350.00, $343.00, and $2,433.00.

38.    The relevant portion of the SOS tradelines appeared in the January 29, 2016, Experian report as follows:

**CENTRAL FINANCIAL CONTROL**

| | | |
|---|---|---|
| **Address:**<br>PO BOX 66044<br>ANAHEIM, CA 92816<br>(800) 345-4261 | **Account Number:**<br>1302178675 | **Original Creditor:**<br>NORTH FULTON HOSPITAL 342 |

**Address Identification Number:**
0720720784

**Status:** Collection account.

**Status Details:** This account is scheduled to continue on record until Dec 2018.

| | | |
|---|---|---|
| **Date Opened:**<br>06/2012 | **Type:**<br>Collection | **Credit Limit/Original Amount:**<br>$350 |
| **Reported Since:**<br>08/2012 | **Terms:**<br>1 Months | **High Balance:**<br>NA |
| **Date of Status:**<br>09/2012 | **Monthly Payment:**<br>$0 | **Recent Balance:**<br>$350 as of 01/2013 |
| **Last Reported:**<br>01/2013 | **Responsibility:**<br>Individual | **Recent Payment:**<br>$0 |

**Payment History:**

| | 2013 | 2012 | | | |
|---|---|---|---|---|---|
| | JAN | DEC | NOV | OCT | SEP | AUG |
| | C | C | C | C | C | C |

**Account History:**
Collection as of Aug 2012 to Jan 2013

**CENTRAL FINANCIAL CONTROL**

| | | |
|---|---|---|
| **Address:**<br>PO BOX 66044<br>ANAHEIM, CA 92816<br>(800) 345-4261 | **Account Number:**<br>1305264272 | **Original Creditor:**<br>NORTH FULTON HOSPITAL 342 |

**Address Identification Number:**
0720720784

**Status:** Collection account.

**Status Details:** This account is scheduled to continue on record until Dec 2018.

| | | |
|---|---|---|
| **Date Opened:**<br>06/2012 | **Type:**<br>Collection | **Credit Limit/Original Amount:**<br>$343 |
| **Reported Since:**<br>09/2012 | **Terms:**<br>1 Months | **High Balance:**<br>NA |
| **Date of Status:**<br>09/2012 | **Monthly Payment:**<br>$0 | **Recent Balance:**<br>$343 as of 01/2013 |
| **Last Reported:**<br>01/2013 | **Responsibility:**<br>Individual | **Recent Payment:**<br>$0 |

**Payment History:**

| | 2013 | 2012 | | | |
|---|---|---|---|---|
| | JAN | DEC | NOV | OCT | SEP |
| | C | C | C | C | C |

**Account History:**
Collection as of Sep 2012 to Jan 2013

**CENTRAL FINANCIAL CONTROL**

| | | |
|---|---|---|
| **Address:**<br>PO BOX 66044<br>ANAHEIM, CA 92816<br>(800) 345-4261 | **Account Number:**<br>1515301770 | **Original Creditor:**<br>NORTH FULTON HOSPITAL 342 |

**Address Identification Number:**
0720720784

**Status:** Collection account.

**Status Details:** This account is scheduled to continue on record until Apr 2020.

| | | |
|---|---|---|
| **Date Opened:**<br>11/2013 | **Type:**<br>Collection | **Credit Limit/Original Amount:**<br>$2,433 |
| **Reported Since:**<br>03/2014 | **Terms:**<br>1 Months | **High Balance:**<br>NA |
| **Date of Status:**<br>03/2014 | **Monthly Payment:**<br>$0 | **Recent Balance:**<br>$2,433 as of 04/2014 |
| **Last Reported:**<br>04/2014 | **Responsibility:**<br>Individual | **Recent Payment:**<br>$0 |

**Payment History:**

| | 2014 | |
|---|---|---|
| | APR | MAR |
| | C | C |

**Account History:**
Collection as of Apr 2014, Mar 2014

39.   Because the SOS Debts were discharged in Plaintiff's Bankruptcy Case, the information described above was both false and misleading.

40.   In a letter dated June 1, 2016, Plaintiff disputed the inaccurate and misleading information directly to Experian and advised Experian that the Comenity Debt and the SOS Debts were discharged in her Bankruptcy Case and that there should be no derogatory information reporting for these debts.

41.   Upon information and belief, Experian timely notified Comenity and SOS of Plaintiff's dispute, as required by 15 U.S.C. § 1681i.

42.   In a document dated July 15, 2016, Experian advised Plaintiff that it had researched Plaintiff's dispute and that the revised report reflected its findings. Experian provided a copy of the tradelines as reported, which reproduced the errors identified by Plaintiff in her original dispute letter.

43.   Specifically, the new Comenity tradeline appeared in the revised July 15, 2016, Experian report as follows:

| COMENITY BANK/LNBRYANT | Date opened | Type | Credit limit or | Recent balance | Responsibility |
|---|---|---|---|---|---|
| PO BOX 182789 | Jun 2008 | Charge Card | original amount | $139 as of Jul 2015 | Individual |
| COLUMBUS OH 43218 | **First reported** | **Terms** | Not reported | | **Status** |
| No phone number available | Jan 2009 | Not reported | **High balance** | | Account charged off. $139 written off. |
| **Partial account number** | **Date of status** | **Monthly** | $139 | | This account is scheduled to continue on record until Mar |
| 697800500287.... | Jan 2014 | **payment** | | | 2017. |
| **Address identification number** | | Not reported | | | **Comment:** |
| 0480681409 | | | | | Account closed at credit grantor's request. |

12

44.   There is no indication in the tradeline of the "verified" report that the Plaintiff has disputed the information reported and published by Experian and Comenity.

45.   Additionally, the new SOS tradelines appeared in the revised July 15, 2016, Experian report as follows:

| | | | | | |
|---|---|---|---|---|---|
| CENTRAL FINANCIAL CONTROL<br>PO BOX 66044<br>ANAHEIM CA 92816<br>**Phone number**<br>(800) 345 4261<br>**Partial account number**<br>1302178675<br>**Address identification number**<br>0720720784<br>**Original creditor** NORTH FULTON<br>HOSPITAL    342 | **Date opened**<br>Jun 2012<br>**First reported**<br>Aug 2012<br>**Date of status**<br>Sep 2012 | **Type**<br>Collection<br>**Terms**<br>1 Months<br>Monthly<br>payment<br>Not reported | **Credit limit or<br>original amount**<br>$350<br>**High balance**<br>Not reported | **Recent balance**<br>$350 as of Jan<br>2013 | **Responsibility**<br>Individual<br>**Status**<br>Collection account.<br>This account is scheduled to continue on record until Dec<br>2018. |
| CENTRAL FINANCIAL CONTROL<br>PO BOX 66044<br>ANAHEIM CA 92816<br>**Phone number**<br>(800) 345 4261<br>**Partial account number**<br>1305264272<br>**Address identification number**<br>0720720784<br>**Original creditor** NORTH FULTON<br>HOSPITAL    342 | **Date opened**<br>Jun 2012<br>**First reported**<br>Sep 2012<br>**Date of status**<br>Sep 2012 | **Type**<br>Collection<br>**Terms**<br>1 Months<br>Monthly<br>payment<br>Not reported | **Credit limit or<br>original amount**<br>$343<br>**High balance**<br>Not reported | **Recent balance**<br>$343 as of Jan<br>2013 | **Responsibility**<br>Individual<br>**Status**<br>Collection account.<br>This account is scheduled to continue on record until Dec<br>2018. |
| CENTRAL FINANCIAL CONTROL<br>PO BOX 66044<br>ANAHEIM CA 92816<br>**Phone number**<br>(800) 345 4261<br>**Partial account number**<br>1515301770<br>**Address identification number**<br>0720720784<br>**Original creditor** NORTH FULTON<br>HOSPITAL    342 | **Date opened**<br>Nov 2013<br>**First reported**<br>Mar 2014<br>**Date of status**<br>Mar 2014 | **Type**<br>Collection<br>**Terms**<br>1 Months<br>Monthly<br>payment<br>Not reported | **Credit limit or<br>original amount**<br>$2,433<br>**High balance**<br>Not reported | **Recent balance**<br>$2,433 as of Apr<br>2014 | **Responsibility**<br>Individual<br>**Status**<br>Collection account.<br>This account is scheduled to continue on record until Apr<br>2020. |

46.     There is no indication in the tradelines of the "verified" report that the Plaintiff has disputed the information reported and published by Experian and SOS.

47.     The specific reporting described herein and disputed by the Plaintiff was in derogation of industry standards for reporting the account as set forth in the CDIA and Metro 2 as adopted by the Defendants.  See e.g., 2015 CDIA Credit Reporting Resource Guide ("2015 Metro 2")

**Damages**

48.     Defendants, independently and jointly, breached their duties as described herein.

49.     Defendants had actual notice that the information they were reporting regarding Plaintiff, the Comenity Debt, and the SOS Debts was false, deceptive, and misleading.

50.     Defendants failed to correct their false, deceptive, and misleading reporting as described herein.

51.     Defendants continued to report the false, deceptive, and misleading information regarding Plaintiff, the Comenity Debt, and the SOS Debts.

52.     Accordingly, Defendants' conduct was willful.

14

53.   As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

54.   Additionally, as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including out-of-pocket expenses in challenging Defendants' wrongful representations regarding the Comenity Debt and the SOS Debts, as well as frustration, worry, and aggravation resulting from such false and misleading representations.

55.   Moreover, as a result of the actions and omissions of Defendants, Plaintiff's actual damages also include the illegitimate suppression of her Fair Isaac Corporation ("FICO") credit score and other credit rating model scores. Furthermore, their failure to correct and clear the inaccuracies in Plaintiff's Experian report creates a material risk of financial harm to Plaintiff stemming from the decreased perception of Plaintiff's credit-worthiness.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681e(b) and 1681i**
**Experian Information Solutions, Inc. -- Comenity Reporting**

56.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

57.    Pursuant to 15 U.S.C. § 1681e(b), Experian is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever it prepares consumer reports.

58.    Experian's duty under 15 U.S.C. § 1681e(b) extends to reinvestigation reports and consumer disclosures.

59.    Pursuant to 15 U.S.C. § 1681i(a)(1)(A), Experian had an affirmative duty to independently investigate the dispute submitted by Plaintiff.

60.    Pursuant to 15 U.S.C. § 1681i(a)(2), Experian was required to communicate the specifics of Plaintiff's dispute to Comenity.

61.    A consumer reporting agency's reasonable reinvestigation must be a good faith effort to ascertain the truth; a reasonable reinvestigation must answer the substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

16

62.   In order to conduct a reasonable reinvestigation, and pursuant to 15 U.S.C. § 1681i(a)(4), Experian was required to review and consider all relevant information submitted by Plaintiff.

63.   Plaintiff's dispute was clear and unambiguous as to the inaccuracies of Experian's reporting.

64.   Plaintiff provided all the relevant information necessary for Experian to reinvestigate and correct the inaccuracies in its reporting.

65.   Experian breached its duties as described herein.

66.   If Experian had conducted a reasonable reinvestigation of Plaintiff's dispute, Experian would have reviewed and considered all of the information Plaintiff submitted in her dispute letter, and would have easily detected that what was being reported was factually incorrect, inaccurate, and misleading.

67.   If Experian had conducted a reasonable reinvestigation of Plaintiff's dispute, the tradeline on Plaintiff's Experian consumer report would have been appropriately corrected.

68.   Due to Experian's failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct a reasonable

reinvestigation of Plaintiff's dispute, the false and misleading information in Plaintiff's credit file and on Plaintiff's Experian report was not appropriately modified.

69.     Experian had all the information necessary to correct its reporting. Yet, Experian failed to correct the information in the face of clear evidence that its reporting was false and misleading. The failure indicates that Experian's review procedures were not reasonable.

70.     The fact that Experian had all the information necessary to correct its reporting, yet failed to do so in an appropriate manner, further indicates that Experian recklessly disregarded Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

71.     Experian willfully, or in the alternative negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in her consumer reports, in reckless disregard of the statutory requirements, Plaintiff's dispute, and the publicly recorded Bankruptcy Case filings.

72.     Experian willfully, or in the alternative negligently, violated 15 U.S.C. § 1681i in multiple ways, including without limitation, by failing to conduct a reasonable

18

reinvestigation of Plaintiff's dispute, and by failing thereafter to appropriately modify information in her file and on her consumer report in reckless disregard of the statutory requirements, Plaintiff's dispute, and the publicly recorded Bankruptcy Case filings.

73.    As a result of Experian's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages as described herein. Plaintiff is, therefore, entitled to recover actual damages from Experian pursuant to 15 U.S.C. §§ 1681n and 1681o.

74.    Experian's actions and omissions were willful, rendering Experian liable to Plaintiff for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

75.    Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### Experian Information Solutions, Inc. --SOS Reporting

76.    Plaintiff incorporates by reference paragraphs 1 through 55 as though fully stated herein.

19

77.   Pursuant to 15 U.S.C. § 1681e(b), Experian is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever it prepares consumer reports.

78.   Experian's duty under 15 U.S.C. § 1681e(b) extends to reinvestigation reports and consumer disclosures.

79.   Pursuant to 15 U.S.C. § 1681i(a)(1)(A), Experian had an affirmative duty to independently investigate the dispute submitted by Plaintiff.

80.   Pursuant to 15 U.S.C. § 1681i(a)(2), Experian was required to communicate the specifics of Plaintiff's dispute to SOS.

81.   A consumer reporting agency's reasonable reinvestigation must be a good faith effort to ascertain the truth; a reasonable reinvestigation must answer the substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

82.   In order to conduct a reasonable reinvestigation, and pursuant to 15 U.S.C. § 1681i(a)(4), Experian was required to review and consider all relevant information submitted by Plaintiff.

83.   Plaintiff's dispute was clear and unambiguous as to the inaccuracies of Experian's reporting.

84.   Plaintiff provided all the relevant information necessary for Experian to reinvestigate and correct the inaccuracies in its reporting.

85.   Experian breached its duties as described herein.

86.   If Experian had conducted a reasonable reinvestigation of Plaintiff's dispute, Experian would have reviewed and considered all of the information Plaintiff submitted in her dispute letter, and would have easily detected that what was being reported was factually incorrect, inaccurate, and misleading.

87.   If Experian had conducted a reasonable reinvestigation of Plaintiff's dispute, the tradeline on Plaintiff's Experian consumer report would have been appropriately corrected.

88.   Due to Experian's failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct a reasonable reinvestigation of Plaintiff's dispute, the false and misleading information in Plaintiff's credit file and on Plaintiff's Experian report was not appropriately modified.

89.   Experian had all the information necessary to correct its reporting. Yet, Experian failed to correct the information in the face of clear evidence that its reporting was false and misleading. The failure indicates that Experian's review procedures were not reasonable.

90.   The fact that Experian had all the information necessary to correct its reporting, yet failed to do so in an appropriate manner, further indicates that Experian recklessly disregarded Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

91.   Experian willfully, or in the alternative negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in her consumer reports, in reckless disregard of the statutory requirements, Plaintiff's dispute, and the publicly recorded Bankruptcy Case filings.

92.   Experian willfully, or in the alternative negligently, violated 15 U.S.C. § 1681i in multiple ways, including without limitation, by failing to conduct a reasonable reinvestigation of Plaintiff's dispute, and by failing thereafter to appropriately modify

information in her file and on her consumer report in reckless disregard of the statutory requirements, Plaintiff's dispute, and the publicly recorded Bankruptcy Case filings.

93.    As a result of Experian's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages as described herein. Plaintiff is, therefore, entitled to recover actual damages from Experian pursuant to 15 U.S.C. §§ 1681n and 1681o.

94.    Experian's actions and omissions were willful, rendering Experian liable to Plaintiff for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

95.    Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681s-2(b)
### Comenity Bank

96.    Plaintiff incorporates by reference paragraphs 1 through 55 as though fully stated herein.

23

97.    Pursuant to 15 U.S.C. § 1681s-2(a), Comenity is responsible for providing accurate information whenever it furnishes information to any consumer reporting agencies.

98.    Upon information and belief, Experian timely notified Comenity of Plaintiff's disputes, and provided Comenity with all the relevant information that Plaintiff had submitted.

99.    Pursuant to 15 U.S.C. § 1681s-2(b), Comenity had a duty to investigate Plaintiff's dispute and accurately report its findings to Experian.

100.  A furnisher's investigation must be a good faith effort to ascertain the truth; a reasonable investigation must answer the substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

101.  In order to conduct a reasonable investigation, and pursuant to 15 U.S.C. § 1681s-2(b), Comenity was required to review and consider all relevant information submitted by Plaintiff to Experian.

102.  Plaintiff's disputes were clear and unambiguous as to the inaccuracies of reporting the Comenity Debt as charged off, with a write-off amount of $139.00.

103.  Comenity breached its duties as described herein.

24

104. If Comenity had conducted a reasonable investigation of Plaintiff's dispute, Comenity would have reviewed and considered all of the information Plaintiff submitted to Experian in her dispute, and would have easily detected that what was being reported was factually incorrect, inaccurate, and misleading.

105. If Comenity had conducted a reasonable investigation of Plaintiff's dispute, the tradeline on Plaintiff's consumer reports would have been corrected accordingly.

106. Due to Comenity's failures to provide accurate information, and failures to conduct reasonable investigations of Plaintiff's dispute, the false and misleading information in Plaintiff's credit file and on Plaintiff's reports as described herein was not appropriately modified.

107. Comenity had all the information necessary to correct its reporting. Yet, Comenity failed to suitably correct its reporting in the face of clear evidence that it was false and misleading. The failure indicates that Comenity's review procedures were not reasonable.

108. The fact that Comenity had all the information necessary to correct its reporting, yet failed to appropriately do so, further indicates that Comenity recklessly

disregarded Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

109.   Comenity willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation upon receiving notice of Plaintiff's disputes from Experian; by failing to appropriately report the results of its investigation; and by failing to appropriately modify the disputed information, in reckless disregard of the statutory requirements; Plaintiff's disputes, and the publicly recorded Bankruptcy Case filings.

110.   As a result of Comenity's violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages as stated herein. Plaintiff is, therefore, entitled to recover actual damages from Comenity under 15 U.S.C. §§ 1681n and 1681o.

111.   Comenity's actions and omissions were willful, rendering Comenity liable to Plaintiff for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

112.   Plaintiff is entitled to recover costs and attorneys' fees from Comenity pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT IV

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681s-2(b)
## Syndicated Office Systems, LLC, a/k/a and d/b/a Central Financial Control

113.  Plaintiff incorporates by reference paragraphs 1 through 55 as though fully stated herein.

114.  Pursuant to 15 U.S.C. § 1681s-2(a), SOS is responsible for providing accurate information whenever it furnishes information to any consumer reporting agencies.

115.  Upon information and belief, Experian timely notified SOS of Plaintiff's disputes, and provided SOS with all the relevant information that Plaintiff had submitted.

116.  Pursuant to 15 U.S.C. § 1681s-2(b), SOS had a duty to investigate Plaintiff's dispute and accurately report its findings to Experian.

117.  A furnisher's investigation must be a good faith effort to ascertain the truth; a reasonable investigation must answer the substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

118.  In order to conduct a reasonable investigation, and pursuant to 15 U.S.C. § 1681s-2(b), SOS was required to review and consider all relevant information submitted by Plaintiff to Experian.

119.  Plaintiff's disputes were clear and unambiguous as to the inaccuracies of reporting the SOS Debts as in active collection, with balances of $350.00, $343.00, and $2,433.00.

120.  SOS breached its duties as described herein.

121.  If SOS had conducted a reasonable investigation of Plaintiff's dispute, SOS would have reviewed and considered all of the information Plaintiff submitted to Experian in her dispute, and would have easily detected that what was being reported was factually incorrect, inaccurate, and misleading.

122.  If SOS had conducted a reasonable investigation of Plaintiff's dispute, the tradeline on Plaintiff's consumer reports would have been corrected accordingly.

123.  Due to SOS's failures to provide accurate information, and failures to conduct reasonable investigations of Plaintiff's dispute, the false and misleading information in Plaintiff's credit file and on Plaintiff's reports as described herein was not appropriately modified.

124.  SOS had all the information necessary to correct its reporting. Yet, SOS failed to suitably correct its reporting in the face of clear evidence that it was false and misleading. The failure indicates that SOS's review procedures were not reasonable.

125.  The fact that SOS had all the information necessary to correct its reporting, yet failed to appropriately do so, further indicates that SOS recklessly disregarded Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

126.  SOS willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation upon receiving notice of Plaintiff's disputes from Experian; by failing to appropriately report the results of its investigation; and by failing to appropriately modify the disputed information, in reckless disregard of the statutory requirements; Plaintiff's disputes, and the publicly recorded Bankruptcy Case filings.

127.  As a result of SOS's violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages as stated herein. Plaintiff is, therefore, entitled to recover actual damages from SOS under 15 U.S.C. §§ 1681n and 1681o.

128. SOS's actions and omissions were willful, rendering SOS liable to Plaintiff for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

129.  Plaintiff is entitled to recover costs and attorneys' fees from SOS pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT V

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10) Syndicated Office Systems, LLC, a/k/a and d/b/a Central Financial Control

130.  Plaintiff incorporates by reference paragraphs 1 through 55 as though fully stated herein.

131. SOS's provision of false and/or misleading information in connection with its attempts to collect the alleged debts violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

132. As a result of SOS's violations of the FDCPA, Plaintiff has suffered actual damages. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

133.  Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from SOS $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT VI

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-393(a)
### Syndicated Office Systems, LLC, a/k/a and d/b/a Central Financial Control

134.  Plaintiff incorporates by reference paragraphs 1 through 55  and 131 through 133 as though fully stated herein.

135.  O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

136.  It was unfair and deceptive for SOS to falsely report the status of Plaintiff's accounts to third-parties in an effort to collect debts that were scheduled in her Bankruptcy Case.

137.  As pled above, Plaintiff was harmed by SOS's unfair conduct.

138.  Upon information and belief, SOS regularly reports information to credit reporting agencies in an effort to collect outstanding debts.

139.  Upon information and belief, reports to credit reporting agencies are SOS's *modus operandi* for debt collection and are done on a wide scale.

140.  SOS's conduct amounts to an unfair business practice.

31

141. SOS's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

142. SOS does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

143. As a result of SOS's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

144. As a result of SOS's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

145. SOS's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

146. Plaintiff is entitled to recover reasonable attorney's fees and expenses from SOS pursuant to O.C.G.A. § 10-1-399(d).

147. Furthermore, because SOS has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also

entitled to an award of reasonable attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11.

## **TRIAL BY JURY**

Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor and against Defendants, jointly and severally, for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

d.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o and 1692k and O.C.G.A. §§ 10-1-399(d) and/or 13-6-11;

e.) Statutory damages against SOS pursuant to 15 U.S.C. § 1692k; and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 31st day of October, 2016.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Paul J. Sieg
Georgia Bar No.: 334182
*psieg@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorneys*

34